IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**HILLERY W. GILLE**

    Plaintiff,                                     No. 3:10-cv-00705-PK

          v.                                     OPINION AND ORDER

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    Defendant.


    **MOSMAN, J.**,

    On June 16, 2011, Magistrate Judge Papak issued his Findings and Recommendation

("F&R") [20] in the above-captioned case recommending that I reverse and remand the

Commissioner's decision pertaining to plaintiff's childhood years for a finding of disability and

award of benefits.  Judge Papak recommended that I affirm the Commissioner's decision

pertaining to plaintiff's adulthood.  The Commissioner filed objections [22] and the plaintiff filed

a response that also included an objection [26], to which the defendant then filed a response [27].

I find neither party's objections meritorious and adopt Judge Papak's decision.

## STANDARD OF REVIEW

    The magistrate judge makes only recommendations to the court, to which any party may

file written objections.  The court is not bound by the recommendations of the magistrate judge,

1 – OPINION AND ORDER

but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Defendant makes three objections to the portion of the F&R that remanded for an award of benefits for Ms. Gille's childhood years. First, defendant argues that Judge Papak should not have found an error with the Commissioner's decision that plaintiff had not specifically pointed out. (Def.'s Obj. (#22) 4). The case defendant cites for support, however, only held that a party may waive an argument for purposes of an appeal to the Ninth Circuit if it fails to raise the argument before the district court. (*Id.*) (citing *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006)). A court generally has discretion to consider even a waived argument. *See In re Hanford Nuclear Res. Lit.*, 534 F.3d 986, 1007 (9th Cir. 2008) (exercising discretion to review waived claim); *Brass v. Cnty. of Los Angeles*, 328 F.3d 1192, 1197 (9th Cir. 2003) (explaining that the decision whether to review waived issues "lies within the discretion of the district court"); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (holding that a district court has discretion to consider evidence and argument presented for the first time in an objection to a magistrate's recommendation). And even assuming plaintiff waived the

2 – OPINION AND ORDER

specific argument by never raising it, defendant has provided no authority that a judge may not

reach the right decision for a reason not specifically presented by the parties. I see no error in

Judge Papak opting to thoroughly analyze the record before him.

Second, defendant argues that Judge Papak erroneously concluded the ALJ's credibility

determination was defective. I see no error in Judge Papak's analysis or conclusion and reject

this argument. While defendant asserts the ALJ gave "clear and convincing reasons" for

discrediting Ms. Gille's testimony regarding her ability to care for herself, the reasons defendant

now points to were not clearly relied upon by the ALJ and are not particularly convincing in any

event. For example, it is hard to understand how a decision to "stop counseling" once plaintiff

reached adulthood (Def.'s Obj. (#22) 5) convincingly demonstrates Ms. Gille was better able to

take care of herself during her childhood years than she claimed.

Third, defendant argues that Judge Papak erred by granting relief—a remand for an

award of benefits—that plaintiff did not request. Defendant, however, does not point to any

remaining issues that need to be addressed or even argue that once Ms. Gille's testimony is

properly credited, the ALJ would not be required to find her disabled. Judge Papak did not err in

awarding the relief here because, as he explained, that relief was warranted under the applicable

statutes and case law. (F&R (#20) 30-31).

Plaintiff included an objection to the adult disability determination in her "Response to

Objections to Findings and Recommendation" (Pl.'s Resp. (#26) 4), filed on September 6, 2011.

However, plaintiff raised this objection more than two months after the deadline to object had

passed and provided no explanation for her untimeliness.[1] Accordingly, I reject plaintiff's

---

[1] More than a week after the objection deadline had already passed, plaintiff asked for and received an extension of time to *reply* to the government's objections. (Unopposed Mtn. for Extension to Submit Reply to Objections (#23) 1). But plaintiff never asked for or received an extension to file her own objections.

objection because it was not timely filed.  *See* Fed. R. Civ. P. 72(b)(3) (requiring de novo

consideration of portions of findings and recommendation that are "properly objected to").

Moreover, even if I considered plaintiff's objection properly filed, it would not change

the result.  Plaintiff argues that the ALJ had a duty to develop the record further regarding her

mental impairments.  (Pl.'s Resp. (#26) 4-5).  Specifically, she argues the ALJ's failure to

develop the record precluded the ALJ from properly assessing the impacts of plaintiff's

somatoform disorder on her Residual Functional Capacity ("RFC").  (*Id*. at 6).  Tellingly,

however, she does not point to any evidence from the record indicating that the disorder actually

caused work-related mental impairments that should have been reflected in the RFC, nor does

she even argue the somatoform disorder actually impacted her ability to perform work.  I find

this argument is adequately addressed in the F&R, and I reject it on the merits for the reasons

explained by Judge Papak.  (F&R (#20) 31-35).

## CONCLUSION

Upon review, I agree with Judge Papak's recommendation and I ADOPT the F&R [20]

as my own opinion.

IT IS SO ORDERED.

DATED this   20th   day of September, 2011.


/s/ Michael W. Mosman____
MICHAEL W. MOSMAN
United States District Court

4 – OPINION AND ORDER